**Jose Francisco ZAVALA and Josefina Rivas, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70191.**

United States Court of Appeals, Ninth Circuit.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 21, 2012.*

Filed Feb. 29, 2012.

Bruce Cholei Wong, San Francisco, CA, for Petitioners.

Jacob Bashyrov, Esquire, OIL, DOJ– U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Jose Francisco Zavala and Josefina Rivas, husband and wife and natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals order dismissing their appeal from an immigration judge's (IJ) decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review the Board's timeliness determination as to petitioners' asylum application, filed 19 months late. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). We lack jurisdiction to consider petitioners' unexhausted contention that their untimely asylum application is excused by extraordinary or changed circumstances. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Substantial evidence supports the Board's denial of withholding of removal because petitioners failed to show their alleged persecutors threatened them on account of a protected ground. Petitioners' fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008); *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**